**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

MELINDA SUENRAM and JOANN BLAKEWAY,

Plaintiffs

-against-

FUTURE CARE, INC. and CHRISTINA DESIMONE,

Defendants

Civil Action No.:1:16-CV-04670

**AFFIRMATION IN RESPONSE TO ORDER TO SHOW CAUSE DATED APRIL 18, 2017**

KEVIN L. KELLY, ESQ., an attorney admitted to practice in this state, affirms that the following statements are true under the penalties of perjury:

1. I am a partner of the law firm of MINTZER SAROWITZ ZERIS LEDVA & MEYERS, LLP attorneys for FUTURE CARE, INC. and CHRISTINA DESIMONE in the above captioned matter and as such, am fully familiar with the facts and circumstances of the within action.

2. This affirmation is submitted in Response to the Order to Show Cause entered by the Honorable Ronald L Ellis, United States Magistrate Judge in the above captioned case on April 18, 2017. By way of preliminary matter, as a member of the bar in both New York and New Jersey for almost forty years, the obligation to respond to this Order is both humbling and deeply troubling to me personally and professionally. In all of those years of active practice, mostly in state court but occasionally in Federal Court, I have never been sanctioned or disciplined in any way whatsoever, nor has my competence, character or fitness ever been questioned. Nevertheless I come before this court to express my sincere apology for what transpired on April 11, 2017, in your Honor's courtroom.

3. As I explained in open court that day, the electronic notice of the Settlement conference was received by me on March 13, 2017. I believe I received it on my cell phone while I was in court on another matter and inadvertently deleted the message and then managed to completely forget that I had received same. As a consequence of that human error , the conference was never diaried by my firm and my clients were never notified in advance of the pending conference. We received no written confirmation of the hearing date in the mail and, thus, the conference was not a matter to which attention was being paid.

4. In the interim, and based upon a prior telephone conference with your Honor and my adversary, my colleague performed an analysis of the Plaintiffs' FLSA claims and their pay records, and came to a preliminary conclusion that the Plaintiffs are misreading the meaning of "overtime" and how it should be calculated under applicable law. So much so that it appears to us, in our admittedly incomplete and lay analysis, that the Plaintiffs are not entitled to any unpaid overtime or an amount that is very minimal, at most. In fact, that same analysis indicates to us that on occasion they may have been paid overpaid despite the fact they worked less than 40 hours out of 168 hours if the time they worked in any particular seven day week is calculated in accordance with applicable law and precedent.

5. It is our understanding of their submitted computations regarding unpaid overtime that any time they worked on a weekend or after traditional business hours, they requested and were paid time and a half for this time regardless of whether or not they had worked more than 40 hours during that 168 hour period. Our research reveals that the controlling law and precedent takes a more prosaic, arithmetical approach wherein overtime is only due and owing once an employee exceeds 40 work hours in any given 168 hour work week. Using that formula, our random but substantial sampling of the pay records revealed that the claims being asserted are

grossly exaggerated and misleading. Under the circumstances, we did not believe that the settlement demand on the record was reasonable. Unfortunately, due to my inadvertent oversight of the email notifying us in advance of the court date, we had not yet had an opportunity to discuss our findings with the client prior to April 11, 2017, and to decide on a course of action going forward.

6. This is not to say that I did not have an obligation to consult with my clients and to at least advise the court and counsel that we did not anticipate that settlement discussions would be productive. Indeed we would certainly have done so, but for the fact that the looming hearing date was not on our calendar or minds. It was our intent to arrange a meeting with the client and corporate counsel to discuss her options, but time simply ran out on us without my realizing it. I deeply regret that we did not take that action, and that oversight is further explained below.

7. On Monday, April 10, 2017, I was home in bed with an illness that had come over me the previous evening. When I awoke that Monday morning, I was unable to even speak due to a severe sore throat and decided to stay out of work, which is something I very rarely do. That very same day, the court contacted my office by telephone, which was the first time that my previous oversight became known to anyone in my office (as I had simply lost track of it). Immediately after receiving the court's call, my associate, attempted to reach the client by email but that proved impossible. It has been our experience that the client frequently travels outside the country and is often unavailable for a few days. By the following morning, Tuesday, April 11, 2017, we had not been able to at least discuss with Ms. DeSimone her options with regard to making some kind of minimal offer or to refuse altogether to negotiate, which would have been her right. Admittedly, I had an obligation to discuss her options with her and to advise both the

court and my adversary of any instructions I had received before the conference date and would have done so if it had been on my calendar. The failure to do so, is completely mine and relates directly back to my accidental mishandling of that email notice when first received.

8. Once my colleagues became aware of the conference, they attempted to contact me by phone and email but I was not awake for most of the day and simply did not realize what was occurring until very late in the afternoon. By that time, it was obvious that the client was unlikely to respond to our e mail and I made a very poor decision that I deeply regret. I decided that I would appear in court on Tuesday, April 11,2017, and apologize to the court and my adversary as I would not be prepared to engage in settlement discussions without getting authority from my clients, which due to my oversight I was unable to obtain. I was simply not thinking clearly, and, indeed, as the court pointed out that day on the record, I should have at least reached out to Ms. Kakalec and the court to advise of my quandary. I can only say that I did not think clearly that day and overlooked an obvious obligation on my part for which I sincerely apologize.

9. I would ask the court to recognize that in today's electronic world, mistakes can be made without malice or intent. Certainly, my client should not be penalized for her lack of attendance due to my human frailties as she was not made aware of the pending conference in any reasonable timeframe, for reasons not of her making. Moreover, had I not made the mistake I made and instead informed them of the conference in due time, I would have also asked the court's permission for Ms. DeSimone to attend via telephone. As a defendant who did not institute this suit and did not select this forum, it seems only fair that she be extended the same dispensation for a non-trial court appearance that has been extended to the plaintiffs who deliberately chose this forum rather than their home state of New Mexico, and then requested

permission to stay at home to avoid the inconvenience of an appearance in New York.

9. Ultimately, whatever fault lies in this unfortunate event lies solely with me and again all I can do is sincerely apologize to the court and my adversary.

**WHEREFORE**, I respectfully submit that the court accept my sincere apology and render any decision it deems fair and just.

Dated: New York, New York
April 28, 2016

By: ______________________
Kevin L. Kelly, Esq.

**CERTIFICATE OF SERVICE**

I, KEVIN L. KELLY, hereby certify that, upon information and belief, copies of Defendants' AFFIRMATION IN RESPONSE TO ORDER TO SHOW CAUSE DATED APRIL 18, 2017 were served by my firm's staff on the following counsel of record, via ECF, the Court's electronic notifying system.

Patricia Kakalec, Esq.
KAKALEC & SCHLANGER, LLP
Attorney for Plaintiffs
MELINDA SUENRAM and JOANN BLAKEWAY
85 Broad Street - 18th Floor
New York, NY 10004

David J. Fryman, Esq.
GULKO SCHWED LLP
Attorney for Plaintiffs
MELINDA SUENRAM and JOANN BLAKEWAY
44 Wall Street - Second Floor
New York, New York 10005

By: ______________________
KEVIN L. KELLY, ESQ.

Dated: April 28, 2017

Civil Action No. 1:16-CV-04670

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MELINDA SUENRAM and JOANN BLAKEWAY,

Plaintiff(s)

-against-

FUTURE CARE, INC. and CHRISTINA DESIMONE,

Defendant(s).

**AFFIRMATION IN RESPONSE TO ORDER TO SHOW CAUSE DATED APRIL 18, 2017**

**MINTZER SAROWITZ ZERIS LEDVA & MEYERS, LLP**
Attorneys for Defendants
FUTURE CARE, INC. and CHRISTINA DESIMONE
39 Broadway - Suite 950
New York, New York 10006
(212) 968-8300
Our File: 009816.000006

CERTIFICATION PURSUANT TO 22 N.Y.C.R.R. §130-1.1a

KEVIN L. KELLY, ESQ. hereby certifies that, pursuant to 22 N.Y.C.R.R. §130-1.1a, the foregoing AFFIRMATION IN RESPONSE TO ORDER TO SHOW CAUSE DATED APRIL 18, 2017is not frivolous nor frivolously presented.

Dated: New York, New York
April 28, 2017

KEVIN L. KELLY, ESQ.

PLEASE TAKE NOTICE

☐ that the within is a true copy of a entered in the office of the clerk of the within named Court on .

☐ that a of which the within is a true copy will be presented for settlement to the Hon. one of the judges of the within named Court at , on at 9:30 a.m.

**MINTZER SAROWITZ ZERIS LEDVA & MEYERS, LLP**
Attorneys for Defendants
FUTURE CARE, INC. and CHRISTINA DESIMONE
39 Broadway - Suite 950
New York, New York 10006
(212) 968-8300
Our File: 009816.000006