UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MELINDA SUENRAM, JOANN BLAKEWAY, and JOELLEN DAVIES,

        *Plaintiffs,*

v.

FUTURE CARE, INC. and CHRISTINA DESIMONE,

        *Defendants.*

**FIRST AMENDED COMPLAINT**

Civ. Action No: 16-CV-4670

---

Plaintiffs Melinda Suenram, Joann Blakeway, and JoEllen Davies (collectively, "Plaintiffs"), as and for their complaint, allege as follows:

### Preliminary Statement

1. The instant action is brought Melinda Suenram ("Suenram"), Joann Blakeway ("Blakeway"), and JoEllen Davies ("Davies"), three long-term employees of defendants Future Care, Inc. and Christina DeSimone (collectively "Future Care" or "Defendants"). Plaintiffs each worked for Future Care for many years, and during a significant portion of that time they were illegally misclassified as independent contractors rather than employees. In 2013 and 2014, Future Care began formally treating Plaintiffs as employees, although their job descriptions, working conditions, and weekly schedules remained unchanged after this change.

2. During the period in which Plaintiffs were illegally classified as independent contractors (the "Independent Contractor Period"), Plaintiffs worked hours of unpaid work each week and

were not paid overtime whenever their hours exceeded 40 in a single work week. Moreover, during both the Independent Contractor Period and the period during which Plaintiffs were treated as employees (the "Employment Period"), Plaintiffs were regularly assigned to be "on call," often for entire weekends, during which time they were not free to pursue their personal pursuits. Instead, Plaintiffs had to remain within feet of their computers so that they were able to answer – and in fact did answer – phone calls at any minute, and provide services at a moment's notice.

3. Seeking remedy for these and other violations, Plaintiffs now commence this action, seeking monetary damages and other relief under the Fair Labor Standards Act ("FLSA"), the New Mexico Wage Act, and New York Labor Law.

## Jurisdiction and Venue

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1332 (diversity jurisdiction), and 28 U.S.C. § 1343. The amount in controversy in this action exceeds $75,000.

5. The Court has jurisdiction over Plaintiffs' pendant state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction). Plaintiffs' state law claims are parts of the same case or controversy as Plaintiffs' federal law claims.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants do business in this district, two of the defendants reside in this district, and a substantial part of the acts and/or omissions giving rise to this action occurred within this district.

## Parties

7. Plaintiff Joann Blakeway is a citizen of New Mexico, where she resides. She began working for Future Care as a First Response Coordinator in approximately 2008. She is

currently an employee of all Defendants.  She has resided in New Mexico at all times relevant to this lawsuit.

8.     Joann Blakeway has previously consented in writing to becoming a party Plaintiff in this action.

9.     Plaintiff Melinda Suenram is a citizen of New Mexico, where she resides.   She began working for Future Care as a First Response Coordinator in approximately 2006.  She is currently an employee of all Defendants.  She has resided in New Mexico at all times relevant to this lawsuit, with the exception of September 2014 through January 2015, when she resided in Tennessee.

10.    Melinda Suenram has previously consented in writing to becoming a party Plaintiff in this action.

11.    Plaintiff JoEllen Davies is a citizen of New York State, where she resides.   She began working for Future Care as a First Response Coordinator in 2010.   She is currently an employee of all Defendants.

12.    JoEllen Davies consents in writing to becoming a party Plaintiff in this action.  (See Exhibit 1.)

13.    Plaintiffs are non-exempt employees of Defendants within the meaning of the FLSA.

14.    Plaintiffs Melinda Suenram and Joann Blakeway are non-exempt employees of Defendants within the meaning of the New Mexico Wage Act.

15.    Plaintiff JoEllen Davies is a non-exempt employee of Defendants within the meaning of New York Labor Law.

16.    Future Care is a corporation having its principal place of business in New York County, New York.

17. Christina DeSimone is an individual residing in New York County, New York.

18. At all times relevant to this action, Defendants were "employers" of Plaintiffs within the meaning of the FLSA.

19. At all times relevant to this action, Defendants were "employers" of Plaintiffs Suenram and Blakeway within the meaning of the New Mexico Wage Act.

20. At all times relevant to this action, Defendants were "employers" of Plaintiff Davies within the meaning of New York Labor Law.

21. At all times relevant to this action, Plaintiffs were "employees" of Defendants within the meaning of the FLSA.

22. At all times relevant to this action, Plaintiffs Suenram and Blakeway were "employees" of Defendants within the meaning of New Mexico Wage Act.

23. At all times relevant to this action, Plaintiff Davies was an "employee" of Defendants within the meaning of New York Labor Law.

24. At all times relevant to this action, Defendants "employed" Plaintiffs within the meaning of the FLSA.

25. At all times relevant to this action, Defendants "employed" Plaintiffs Suenram and Blakeway within the meaning of the New Mexico Wage Act.

26. At all times relevant to this action, Defendants "employed" Plaintiff Davies within the meaning of the New York Labor Law.

## **Factual allegations**

27. According to its website, Future Care is "a provider of national and international medical care management services. The company assists medical claims payers in adapting cost containment and medical care management solutions to the environment mandated by the U.S.

Federal Jones Act, the International Seafarer's Law, Workers Compensation and International Healthcare."[1]

28. Plaintiffs' work for Defendants involves responding to and addressing communications from maritime officers and staff when their employees need medical attention while at sea. As First Responders, Plaintiffs coordinate the provision of health services, and payment for such services, to maritime staff. They are often among the first called in a medical emergency and receive phone calls from ship captains and other personnel at all hours of the day and night.

29. Plaintiffs Suenram and Blakeway worked in home offices in New Mexico (and briefly, in the case of Ms. Suenram, in Tennessee).

30. Plaintiff Davies worked for Defendants in New York State, out of her home in Henrietta, New York.

31. Plaintiffs performed work that is the core function of the Future Care, i.e. assisting maritime workers in obtaining access to medical care and performing the administrative work connected with that medical care.

32. When they began their work for Future Care, Plaintiffs were told by Future Care that they would work as "independent contractors" rather than as employees.

33. Upon beginning their work, they each signed agreements purporting to be "independent contractor agreements," stating, among other things, that Future Care "SHALL HAVE CONTROL / SUPERVISION OVER THE WORK PERFORMED BY CONTRACTOR" (emphasis in original document).

34. Future Care dictated the terms of Plaintiffs' compensation, set Plaintiffs' schedules, and provided certain of the supplies (such as paper and toner) that Plaintiffs used.

35. Plaintiffs worked for Future Care without a fixed end date.

---

[1] Future Care, Inc. website, available at http://www.futurecareinc.com/ (Accessed on June 15, 2016)

36. Plaintiffs never made personal financial contributions to Future Care.

37. When she began working for Future Care, Ms. Blakeway was promised a salary of $12 per hour. This salary increased during her time with Defendants, and is presently $19 per hour.

38. When she began working for Future Care, Ms. Suenram was promised a salary of $13 per hour. This salary increased during her time with Defendants, and is presently $21 per hour.

39. When she began working for Future Care, Ms. Davies was promised a salary of $13 or $14 per hour. This salary increased during her time with Defendants, and is presently $20 per hour.

40. Plaintiffs worked for Defendants based upon the wages they were promised.

41. During the time in which they worked for Defendants, especially during the Independent Contractor Period, Plaintiffs often worked more than forty hours per week.

42. During the Independent Contractor period, Plaintiffs were assigned shifts during the week in which they had to answer calls and respond to medical emergencies. During these weekly work shifts of 6 or 8 hours, Plaintiffs spent most of the shift time responding to inquiries and completing related paperwork. However, Plaintiffs were not paid their hourly wage for every hour during these assigned shifts. Instead, Plaintiffs were only paid for hours listed on the weekly sheets they submitted to Future Care. They were not paid for time during their shifts during which they were between tasks, but were nonetheless required to be on duty and available to assume new duties as they arose. As a result, during the Independent Contractor period, Plaintiffs worked significant numbers of hours for which they were never compensated.

43. In addition to their weekly assigned shifts, Plaintiffs were frequently assigned "on call" shifts during weekends and evenings. An on-call shift could last as long as 48 hours, often an entire weekend. For most of the time that they were employed by Defendants, Plaintiffs were

only paid for the time in which they were called to address specific tasks or duties during their on-call time. For a short period of time, Plaintiffs were paid an hourly rate of $9.15 while on call.

44. During their "on call" times, Plaintiffs had to be near their desks and phones, available to answer calls and begin work immediately. They were not free to pursue their personal pursuits. Calls often came in frequently during the on-call periods.

45. During part of the Employment Period, the Plaintiffs were even required to wear headsets in order to answer phone calls; the wearing of these headsets required Plaintiffs to stay within several feet of their computers.

46. Despite promising to pay Plaintiffs the wages cited above, Defendants regularly failed to pay Plaintiffs those wages for every hour that Plaintiffs worked for Defendants.

47. Plaintiffs were not always paid overtime pay at a rate of time and one-half of their regular hourly wages during the work weeks in which they worked more than forty hours.

48. During the Independent Contractor period, Plaintiffs regularly worked more than 40 hours in a work week and were not paid an overtime premium.

49. During the Employment Period, Plaintiffs still were not always paid the full amount of overtime due.

50. In January 2016, Defendants began deducting 30 minutes from Plaintiffs' paychecks for lunch breaks, without notifying Plaintiffs that this time would be deducted. When this policy was first instituted, Plaintiffs often could not take the lunch break for which time had been deducted because their work required them to work through their lunch breaks. Defendants failed to reimburse Plaintiffs for the lunch periods that they worked during February 2016,

although Plaintiffs were given some "holiday" pay to make up for some of the deducted lunch time in January 2016.

51.     During the time in which they worked for Defendants, Plaintiffs incurred certain expenses as part of their jobs.  For example, when they first began working for Future Care, Plaintiffs had to use their own computers, printers, fax machines, phones, desks, and desk chairs.  They also had to pay half of the cost of their internet service and half of the cost for long distance phone service.  As a result of these out-of-pocket expenses, Plaintiffs' pay was reduced such that at times Future Care failed to pay Plaintiffs in accordance with federal and state minimum wage laws.

52.     Defendants failed to post required posters at Plaintiffs' work sites informing Plaintiffs of their rights under the FLSA, New Mexico law, and New York Law.  As a result, Plaintiffs were unaware of their legal rights under these statutes.   The FLSA statute of limitations, and any applicable New Mexico and New York statute of limitations, should therefore be equitably tolled to allow Plaintiffs recover for legal violations during their entire period of employment.

53.     Until May 2016, Plaintiffs Suenram and Blakeway worked four weekend "on call" shifts every month.

54.     In February and March 2016, Plaintiffs Suenram and Blakeway were informed that Defendants were interviewing to hire additional First Responder positions.  Plaintiffs Suenram and Blakeway were told that these new employees were being hired specifically to work night shifts.

55.     In April 2016, counsel for Plaintiffs Suenram and Blakeway sent a demand letter to Future Care informing it of wage and hour violations in violation of the FLSA and the New Mexico Wage Act.  Two weeks after that letter was sent, Plaintiffs Suenram and Blakeway were

informed that the newly-hired employees would take over Plaintiffs Suenram and Blakeway's weekend day shifts, which effectively reduces Plaintiffs Suenram and Blakeway's monthly scheduled work hours by approximately 30 hours per month.

56.    Upon information and belief, Defendants reduced Plaintiffs Suenram and Blakeway's hours in retaliation for their complaints.  This reduction in hours violates the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3), and the New Mexico Wage Act, NMSA 1978 § 50-4-26.1.

57.    Defendants' violations of New Mexico law as set forth herein were "violations that occurred as part of a continuing course of conduct" within the meaning of NMSA 1978 § 50-4-32.

58.    Christina DeSimone had the power to establish, and did establish, the terms of Plaintiffs' employment and the employment of other employees at Future Care, Inc.

59.    Christina DeSimone, directly or indirectly, determined the salary to be paid to Plaintiffs.

60.    Christina DeSimone had the power and exercised the power to hire and fire employees at Future Care, Inc.

61.    Christina DeSimone exercised operational control over significant aspects of the day-to-day functions of Future Care, Inc.

62.    Christina DeSimone actively managed, supervised, and directed the business and operations of Future Care, Inc.

63.    Christina DeSimone has signed Plaintiffs' paychecks from the account of Future Care, Inc.

64.    Defendants who employed Plaintiffs shared Plaintiffs' services, shared direct or indirect control over Plaintiffs, and acted in the interest of one another, and thus, at all relevant times, constitute joint employers as defined by federal and state law.

65.     During the course of their employment, Plaintiffs handled, sold, or otherwise worked on items that were produced for movement in interstate commerce.

66.     Upon information and belief, Defendants operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

67.     Upon information and belief, Future Care Inc.'s annual gross volume of business at all relevant times was not less than $500,000.

68.     Defendants undertook all of the actions and omissions alleged above either directly or through their agents who were authorized to undertake such actions and omissions.

69.     Defendants' failure to pay Plaintiffs as required by the FLSA, the New Mexico Wage Act, and New York Labor Law was willful.

## CLAIMS FOR RELIEF

### Count I: Fair Labor Standards Act (wage violations)

70.     Plaintiffs reallege and incorporate by reference the allegations set forth in the preceding paragraphs as if set forth fully here.

71.     At times during Plaintiffs' employment, Defendants willfully failed to pay minimum wage, promised wages, and overtime wages to Plaintiffs, in violation of 29 U.S.C. §§ 206 and 207 et seq. and their implementing regulations.

72.     Defendants also violated the FLSA by failing to keep records as required by 29 U.S.C. § 211(c).

73.     Plaintiffs are entitled to their unpaid wages plus an additional equal amount in liquidated damages, costs of Court, and attorney's fees, as a consequence of Defendants' unlawful actions and omissions, in accordance with 29 U.S.C. § 216(b).

**Count II:   Fair Labor Standards Act (retaliation as to Plaintiffs Suenram and Blakeway)**

74.     Plaintiffs reallege and incorporate by reference the allegations set forth in the preceding paragraphs as if set forth fully here.

75.     By reducing the weekend hours of Plaintiffs Suenram and Blakeway in retaliation for these Plaintiffs having complained of FLSA violations, Defendants have discriminated against Plaintiffs Suenram and Blakeway in violation of 29 U.S.C. § 215(a)(3).

76.     Plaintiffs Suenram and Blakeway are entitled to damages for this violation plus an additional equal amount in liquidated damages, costs of Court, and attorney's fees, as a consequence of Defendants' unlawful actions and omissions, in accordance with 29 U.S.C. § 216(b).

**Count III: New Mexico Wage Act (wage violations as to Plaintiffs Suenram and Blakeway)**

77.     Plaintiffs reallege and incorporate by reference the allegations set forth in the preceding paragraphs as if set forth fully here.

78.     Defendants willfully failed to pay all minimum wages, promised wages and overtime wages owed to Plaintiffs Suenram and Blakeway under the New Mexico Wage Act, NM Stat. Ann 50-4-1, 50-4-2; NM Stat. Ann. 50-40-22.

79.     Plaintiffs Suenram and Blakeway are entitled to the unpaid wages mandated by the New Mexico Wage Act plus an additional 200 percent as liquidated damages, as a consequence of the Defendants' unlawful actions and omissions, in accordance with the New Mexico Wage Act, NM Stat. Ann. 1978 § 50-4-26(c).

80.     Plaintiffs Suenram and Blakeway are also entitled to interest and attorney's fees.

**Count IV:   New Mexico Wage Act (retaliation as to Plaintiffs Suenram and Blakeway)**

81.     Plaintiffs reallege and incorporate by reference the allegations set forth in the preceding paragraphs as if set forth fully here.

82. By reducing the hours of Plaintiffs Suenram and Blakeway in retaliation for these Plaintiffs having complained of violations the New Mexico Wage Act, Defendants have discriminated against Plaintiffs Suenram and Blakeway in the terms and conditions of their employment in violation of the New Mexico Wage Act, NM Stat. Ann. 1978 50-4-26.1.

83. Plaintiffs Suenram and Blakeway are entitled to damages for this violation, plus interest, costs of Court, and attorney's fees, as a consequence of Defendants' unlawful actions and omissions, in accordance with 29 U.S.C. § 216(b).

**Count V: New York Labor Law (wage violations as to Plaintiff Davies)**

84. The Plaintiffs reallege and incorporate by reference the allegations set forth in the preceding paragraphs as if set forth fully here.

85. Defendants failed to pay Plaintiff Davies an overtime premium of one-half times her regularly hourly rate for every hour she worked above 40 in a work week, in violation of New York Labor Law § 190, et seq., and its attendant regulations.

86. By requiring Plaintiff to incur work expenses of the type described herein, Defendant reduced Plaintiff's pay below the minimum wage in the carrying out of her duties assigned by her employer, in violation of New York Labor Law § 652 and its implementing regulations, 12 N.Y.C.R.R. §142-2.10, et seq.

87. Defendants' failure to pay the required wages as set forth above was willful within the meaning of New York Labor Law §§ 198, 663, and 681.

88. Plaintiff Davies is entitled to her unpaid wages mandated by New York Labor Law, plus an additional 100 percent as liquidated damages, as a consequence of the Defendants' unlawful actions and omissions, in accordance with New York Labor Law §§ 198, 663, and 681.

89. Plaintiff Davies also seeks, and is entitled to, attorneys' fees incurred by her counsel, costs, and interest.

## Demand for Jury Trial

90. Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demands a trial by jury as to all issues so triable.

WHEREFORE, Plaintiffs request that this Court enter an Order:

   a. Assuming jurisdiction over this action;

   b. Declaring that Defendants violated the FLSA, the New Mexico Wage Act, and New York Labor Law;

   c. Permanently enjoining Defendants from further violations of the FLSA, the New Mexico Wage Act, and New York Labor Law;

   d. Granting judgment to Plaintiffs on their FLSA claims and awarding each of the Plaintiffs their unpaid overtime and other wages and an equal amount in liquidated damages;

   e. Granting judgment to Plaintiffs Suenram and Blakeway on their New Mexico Wage Act claims and awarding each of these Plaintiffs her unpaid overtime and other wages as well as 200% in liquidated damages provided for by statute, New Mexico Wage Act, NM Stat. Ann. 1978 § 50-4-26(c);

   f. Granting judgment to Plaintiff Davies on her New York Labor Law claim and awarding Plaintiff Davies her unpaid overtime and other wages as well as 100% liquidated damages as provided for by New York Labor Law;

   g. Granting judgment to Plaintiffs Suenram and Blakeway on their retaliation claims under the FLSA and New Mexico Wage Act;

      h.      Awarding Plaintiffs prejudgment and post-judgment interest as allowed by law;

      i.      Awarding the Plaintiffs their costs and reasonable attorneys' fees; and

      j.      Granting such further relief as the Court finds just.

DATED:    New York, NY
               August 1, 2017

                        KAKALEC & SCHLANGER, LLP

                        */s/ Patricia Kakalec*
                        Patricia Kakalec
                        85 Broad Street, 18th Floor
                        New York, NY 10004
                        T: (212) 500-6114 ext. 103
                        F: (646) 612-7996
                        pkakalec@kakalec-schlanger.com

                        GULKO SCHWED LLP
                        David J. Fryman
                        44 Wall Street, Second Floor
                        New York, New York 10005
                        T: (212) 500-1312
                        F: (212) 678-0405
                        david@gulkoschwed.com

                        *Counsel for Plaintiffs*